```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED
IN THE UNITED STATES DISTRICT COURT                      APR 3 0 2009
FOR THE WESTERN DISTRICT OF VIRGINIA
         ROANOKE DIVISION                            JOHN F. CORCORAN, CLERK
                                                     BY:
                                                           DEPUTY CLERK
```

|  |  |
|---|---|
| JERRY LEE PRICE, | ) |
|  | ) Case No. 7:09CV00151 |
| v. | ) |
|  | ) MEMORANDUM OPINION |
| DANVILLE ADULT DETENTION CENTER, ET AL., | ) |
|  | ) By: Glen E. Conrad |
|  | ) United States District Judge |
| Defendant. | ) |

Jerry Lee Price, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Price alleges that officers at the Danville Adult Detention Center ("the jail") failed to provide him access to prompt medical treatment for dangerously high blood sugar. He does not state what form of relief he seeks. Upon consideration of the complaint, the court finds that this action must be dismissed without prejudice because plaintiff admits on the face of his complaint that he had not yet exhausted administrative remedies at the jail before filing this action.

Background

Price alleges the following, undated sequence of events on which his claim is based. He was in the left side of the cell block when he began to feel sick, dizzy, and weak. He could not see, and his mouth felt dry. Other inmates in the area called an officer and told him that Price was sick. Price was placed in "sick bay" right before lunch. He felt so bad that he could not eat and gave his food away. Feeling as though he needed to urinate, he stood in front of the commode. From dizziness, he missed the toilet and then fell backward onto the floor. Inmates called for officers, who came to

see what was wrong. Captain Talley made jokes that Price was faking. Price said he was not faking. Talley did not have Price "checked out" for medical problems before placing him in segregated confinement and threatening to take away his earned good conduct time.

In the segregation cell, Price felt sicker and sicker until he passed out and had to be rushed to the hospital. The doctor there told him that he had almost been in a coma, his blood sugar was at 1200, and he was lucky to be alive. On April 29, 2009, Price was released from the hospital and returned to the jail.

## Discussion

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). While failure to exhaust as required under § 1997e(a) is an affirmative defense, the court may raise the issue of exhaustion on its own motion and "in the rare case where failure to exhaust is apparent from the face of the complaint," may summarily dismiss a complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Price's complaint that he did not complete all available administrative remedies before filing this lawsuit. On the § 1983 form, in response to the question about whether he has presented the facts of his complaint through the prison grievance procedure, he checks, "No." He states,

> I just got out of the hospital Thursday 4-29-09. I didn't understand what I should or could do, but other inmates filed grievance on my & their behalf because the office threaten to take their good time and place them in the [hole] for trying to get me medical treatment when I [passed out] in sick bay. I really don't know how to go about this because the officer was trying to get me not to file this suit or case on him.

(Compl. Para. C). These allegations clearly indicate that a grievance procedure is available at the jail, but that Price, when he filed this case, had not yet filed any grievances about his complaint that the officer failed to provide prompt treatment for his medical problems related to his high blood sugar. Other inmates cannot satisfy the § 1997e(a) requirement on his behalf, and he does not indicate that anything prevents him from pursuing grievance remedies now. As Price did not complete the administrative remedy procedures before filing this lawsuit, he did not comply with the requirements of § 1997e(a). Accordingly, his complaint must be dismissed without prejudice. An appropriate order shall be issued this day.

Plaintiff is advised that once he has completed the administrative remedies procedures through the highest level of appeal available to him, he may then refile his claims in a new civil action if he so desires, provided that he complies with all filing requirements and consents to pay the $ 350.00 filing fee.

### Conclusion

For these reasons, this civil rights action will be dismissed without prejudice, pursuant to § 1997e(a), as it is clear from the face of the complaint that plaintiff did not exhaust the prison administrative procedure before filing this lawsuit.

ENTER: This 30th day of April, 2009.

_____
United States District Judge